UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD JOHNSON,

        Plaintiff(s),

   v.

KAISER PERMANENTE,

        Defendant(s).
_____/

No. C-14-01964 DMR

**ORDER DISMISSING CASE**

Plaintiff Ronald Johnson filed a Complaint and an application for leave to proceed *in forma pauperis* ("IFP") on April 29, 2014. [Docket Nos. 1, 2.] On May 30, 2014, the court granted the application to proceed IFP and dismissed the Complaint with leave to amend. [Docket No. 11.] The court ordered Plaintiff to file an amended complaint by no later than June 16, 2014.

Plaintiff filed an Amended Complaint on June 11, 2014.[1] [Docket No. 8 (Am. Compl.).] On June 23, 2014, he filed a document entitled "Contintuied [sic] Harassment Substantial Performance Ex Parte Motion," in which he complains about a June 12, 2014 decision by Alameda Alliance for Health regarding his health care. [Docket No. 14.] In the court's order dismissing the Complaint,

---

[1] On June 19, 2014, Plaintiff filed a "Proof of Service," in which an individual, Mavis Felicien, states she personally served the summons on "Permanente Medical Group." [Docket No. 13.] However, as Plaintiff has not filed a complaint that satisfies review under 28 U.S.C. § 1915(e)(2)(B), the Clerk of the Court has not issued a summons for Defendant. Accordingly, service of the summons has not been properly effected pursuant to Federal Rule of Civil Procedure 4(b).

the court found that Plaintiff had not adequately stated claims for negligence and breach of contract, and noted that it did not appear that the court had jurisdiction over Plaintiff's state law claims. In his Amended Complaint, Plaintiff does not address the deficiencies identified in the May 30, 2014 order as to those claims. However, he brings new claims for race, color, and national origin discrimination under California Health and Safety Code sections 150-152 and a claim for violation of his constitutional right to procedural due process. (Am. Compl. 4.)

Plaintiff has failed to allege a state discrimination claim. First, the statutes pursuant to which Plaintiff seeks to bring a claim, Health and Safety Code sections 150-152, included statements by the California Legislature regarding the poor health status of California's "racial and ethnic communities . . . relative to the health status of the white population" and the racial breakdown of Californians without health insurance. Cal. Health & Safety Code § 150 (repealed 2012). Section 151 established an Office of Multicultural Health within the California State Department of Public Health, and section 152 set forth the responsibilities of that office. Cal. Health & Safety Code §§ 151, 152. These provisions did not provide for a cause of action for discrimination. Moreover, sections 150 and 151 were repealed in 2012.[2] *See* Stats. 2012 (AB 1467).

Plaintiff also attempts to bring a claim for procedural due process, apparently based upon Defendant Kaiser Permanente's failure to prescribe Plaintiff a certain medication. (Am. Compl. 4.) The Due Process Clause of the Fourteenth Amendment provides "a guarantee of fair procedure in connection with any deprivation of life, liberty, or property by a state." *Mullins v. Or.*, 57 F.3d 789, 795 (9th Cir. 1995). It is well-established that this provision "applies only against acts of a state, i.e., 'state action.'" *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989) (citation omitted). "The fourteenth amendment 'erects no shield against merely private conduct, however discriminatory or wrongful.'" *Id.* (citing *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). Here, Plaintiff seeks to bring a due process claim against Defendant Kaiser Permanente, which is a private

---

[2] Section 152 was amended to provide that the State Department of Public Health Office of Health Equity would perform work on issues related to multicultural health. *See* Cal. Health & Safety Code § 152.

2

corporation. He makes no allegations to support a claim that Defendant acted as a state actor in failing to prescribe Plaintiff's preferred medication.

"[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted). Such is the case here. The court granted Plaintiff the opportunity to amend his Complaint to address its deficiencies as to his state law claims, which he failed to do. As to his new claims, the court concludes that amendment would be futile. Accordingly, this action is dismissed with prejudice.[3]

IT IS SO ORDERED.

Dated: July 1, 2014



DONNA M. RYU
United States Magistrate Judge

---

[3] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but not served the defendant, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).